# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EVELYN BURKE (A19 473 594),** | : | |
| | : | Civil Action No. 1:05-CV-1654 |
| **Petitioner** | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **SECRETARY MICHAEL CHERTOFF, et al.,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM AND ORDER

**I.    Introduction**

Pending before the Court is a petition for a writ of habeas corpus (Doc. No. 1) and a motion for emergency stay of deportation (Doc. No. 3), together with a request for leave to proceed in forma pauperis (Doc. No. 2). Petitioner, Evelyn Burke (A19 473 594), a native and citizen of Jamaica, is currently being detained by the Bureau of Immigration and Customs Enforcement ("BICE") at the York County Prison, in York, Pennsylvania. Upon review of the pleadings, it appears Petitioner is challenging his final order of deportation to Jamaica on the grounds that said removal would violate both the United Nations Convention Against Torture ("CAT")[1] and Petitioner's right to due process under the Fifth Amendment to the United States Constitution. Additionally, Petitioner charges that he has

---

[1]    United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, G.A. Res 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, at 197, U.N. Doc. A/39/51 (1984). The Convention Against Torture has been implemented by regulations at 8 C.F.R. §§ 208.16 and 208.18 to require withholding of removal for an alien who can show that it is more likely than not that he will be tortured by the government or with its acquiescence upon removal to a particular country.

been detained for an excessive period of time pending his removal without the benefit of a custody review, in violation of his Fifth Amendment right to due process. Petitioner contends that his continued detention runs afoul of the Supreme Court's holding in Zadvydas v. Davis, 533 U.S. 678 (2001) regarding the presumptively reasonable period of detention following the entry of a final order of removal.

**II.     Discussion**

With respect to Petitioner's challenges to his final order of removal, the Court finds that this portion of the action must be transferred to the United States Court of Appeals for the Third Circuit. On May 11, 2005, Congress enacted Public Law 109-13, Division B, the "Real ID Act of 2005." 119 Stat. 231, 302 (2005 HR 1268). Section 106 of the Act amended the Immigration and Nationality Act ("INA") § 242, 8 U.S.C. § 1252, so as to strip district courts of jurisdiction to hear habeas corpus petitions that challenge final orders of removal. Real ID Act, § 106(a)(1) (adding INA § 242(a)(5) (codified at 8 U.S.C. § 1252(a)(5)). Relevant for purposes of the instant case, the Act provides, inter alia, that: "Notwithstanding any other provision of law (statutory or nonstatutory), including Section 2241 of Title 28 . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" Id. Additionally, the Act provides that the courts of appeals shall have exclusive jurisdiction to adjudicate removal challenges brought under the CAT. 8 U.S.C. § 1252(a)(4). Accordingly, the proper venue for a petition of review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings. 8 U.S.C. § 1252(b)(2). Petitioner has represented that the Immigration Judge presided over the underlying

2

removal proceedings in York County, Pennsylvania. Accordingly, it appears the proper venue for this habeas proceeding is the United States Court of Appeals for the Third Circuit.

Petitioner also challenges his continued detention pending removal, arguing that his allegedly prolonged detention without a timely custody review violates his Fifth Amendment right to due process. This challenge is separate and distinct from Petitioner's challenge to his removal and is not governed by the Real ID Act and the Court finds it would be improper to transfer this aspect of Petitioner's claims to the Third Circuit. Although Petitioner purports to be challenging his continued detention, the entirety of the petition and emergency motion concern Petitioner's challenge to his impending removal from the United States and do not touch upon the facts or circumstances surrounding his allegedly unlawful and continued detention at the York County Prison. Read liberally, it appears that Petitioner is claiming that he has been held in custody "indefinitely" and has been afforded only one custody review since September 2000 and has yet to be removed from the United States. (Doc. No. 2.) Although limited, the Court finds that this allegation is sufficient to allow the government to respond to Petitioner's claims concerning his continued detention. An appropriate order follows.

## III.    Order

And now, this 18th day of August 2005, upon consideration of Petitioner's petition for a writ of habeas corpus and motion for emergency stay of deportation, and finding that this Court lacks jurisdiction to consider Petitioner's challenges to the final order governing his removal from the United States, **IT IS HEREBY ORDERED THAT** the Clerk of Court shall transfer the file to the United States Court of Appeals for the Third Circuit.

Notwithstanding this Court's finding that it lacks jurisdiction to consider Petitioner's challenges

3

to the final order governing his removal from the United States, the Court finds that it may properly exercise jurisdiction over Petitioner's claim that his continued detention pending removal violates his Fifth Amendment right to due process, as explained in Zadvydas v. Davis, 533 U.S. 678 (2001).

Accordingly, **IT IS FURTHER ORDERED THAT** Petitioner's request to proceed in forma pauperis with respect to his challenge to his continued detention is **GRANTED.**

**IT IS FURTHER ORDERED THAT** the United States Marshal shall serve the petition and this Order on Respondents within ten (10) days from the date of this Order.  Within twenty (20) days of being served, Respondent BICE shall show cause why Petitioner's challenge to his alleged continued detention without a timely custody review should not be granted.  Petitioner shall be permitted to file a reply brief within ten (10) days of Respondent BICE's filing.  **Petitioner and Respondents are hereby notified that this Court lacks jurisdiction to consider Petitioner's claims that his removal from the United States violates the Convention Against Torture or the United States Constitution.  Accordingly, in their briefs, the parties shall limit their factual analysis and legal argument to the single issue of Petitioner's continued confinement pending Petitioner's removal from the United States.**

    S/ Yvette Kane
Yvette Kane
United States District Judge