**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

EVELYN BURKE (A19 473 594),      :

                            :      **Civil Action No. 1:05-CV-1654**

       **Petitioner**           :

                            :      **(Judge Kane)**

**v.**                         :

                            :

**SECRETARY MICHAEL**     :

**CHERTOFF, <u>et al.</u>,**       :

                            :

       **Respondent**         :

<u>**MEMORANDUM AND ORDER**</u>

Before the Court is Petitioner's petition for a writ of habeas corpus, in which he has challenged the constitutionality of his continued detention pending his deportation from the United States to his native Jamaica. (Doc. No. 1.) The Government filed a timely response, and the Petitioner has submitted a traverse. For the reasons that follow, the petition will be denied.

**I.**    **Background**

Petitioner is a native and citizen of Jamaica who entered the United States on or about November 18, 1968 as a non-immigrant student with authorization to remain in the United States until November 18, 1969. (Govt. Ex. A.) Petitioner stayed in the United States beyond November 18, 1969 without authorization. (<u>Id.</u>)

On January 17, 1975, the former United States Immigration and Naturalization Service ("INS") initiated removal proceedings against Petitioner pursuant to former section 241(a)(2) of the Immigration and Nationality Act ("INA"). Approximately ten years after these removal proceedings were initiated, Petitioner was convicted of committing a number of crimes, including larceny, possession of controlled substances, and rape. (Govt. Ex. B.) As a result of the foregoing convictions, on July 24, 2002 and August 27, 2002, the INS brought additional

charges of inadmissibility/deportability against Petitioner pursuant to Sections 241(a)(2)(A)(ii) and 241(a)(2)(A)(iii) of the INA, codified respectively at 8 U.S.C. §§ 1231(a)(2)(A)(ii) and (iii). (Id.)

Petitioner subsequently appeared before an Immigration Judge and was found removable on all counts. (Govt. Ex. C.) In connection with these proceedings, Petitioner sought protection under the CAT. (Id.) The Immigration Judge found that Petitioner had not demonstrated that he was entitled to withholding of removal under CAT and ordered Petitioner removed to Jamaica. (Id.) On June 18, 2003, the Board of Immigration Appeals affirmed the Immigration Judge's decision. (Govt. Ex. D.)

Following these decisions, Petitioner commenced a number of civil actions, habeas petitions, and appeals in various district courts and courts of appeal, sometimes using an alias. (Govt. Ex. E.) Most of these actions have been dismissed. (Id.) However, the record submitted by Respondent reveals that on November 1, 2004, the United States District Court for the Eastern District of New York entered a stay of Petitioner's removal pending review of his challenge to his final order of removal. (Govt. Ex. F.) Subsequent to the stay being entered, Petitioner received a custody review following which it was determined that Petitioner should remain in custody because he represented a danger to the community and a flight risk. (Govt. Ex. G.) Additionally, the review noted that the Jamaican embassy had agreed to issue travel documents for Petitioner's return, and that Petitioner's removal would have been effected promptly but for the stay entered by the Eastern District of New York.

## II.    Procedural History

Petitioner commenced the instant habeas petition with this Court on August 12, 2005,

arguing that his removal to Jamaica would violate United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, G.A. Res 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, at 197, U.N. Doc. A/39/51 (1984) ("CAT"), and that he had been detained without sufficient or meaningful custody reviews in violation of the Fifth Amendment to the United States Constitution.  Because Congress has stripped district courts of jurisdiction to consider challenges to final orders of removal, the Court subsequently transferred all of Petitioner's claims to the United States Court of Appeals for the Third Circuit.[1]  However, the Court retained jurisdiction over Petitioner's claim that his continued detention pending removal was unconstitutional.

The Government filed a timely response to the petition, noting that in October 2005, Petitioner had been given a timely custody review pursuant to 8 C.F.R. § 241.4 following which the United States Bureau of Immigration and Customs Enforcement ("ICE") determined that Petitioner should not be released pending his removal because he was deemed a flight risk and continued to post a threat to the community.[2]  (Govt. Ex. G.)  The Government argues that

---

[1]On May 11, 2005, Congress enacted Public Law 109-13, Division B, the "Real ID Act of 2005."  119 Stat. 231, 302 (2005 HR 1268).  Section 106 of the Act amended Section 242 of the INA, 8 U.S.C. § 1252, so as to strip district courts of jurisdiction to hear habeas corpus petitions that challenge final orders of removal.  Real ID Act, § 106(a)(1) (adding INA § 242(a)(5) (codified at 8 U.S.C. § 1252(a)(5)).  Relevant for purposes of the instant case, the Act provides, inter alia, that: "Notwithstanding any other provision of law (statutory or nonstatutory), including Section 2241 of Title 28 . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]"  Id.  Additionally, the Act provides that the courts of appeals shall have exclusive jurisdiction to adjudicate removal challenges brought under the CAT.  8 U.S.C. § 1252(a)(4).

[2]Specifically, ICE found that Petitioner represented a continued threat based upon a criminal record that included convictions for burglary, rape, sexual assault, unlawful imprisonment, and criminal possession of a weapon.  (Govt. Ex. G.)  The Government also

Petitioner has been afforded the custody reviews to which he is entitled.  Additionally, the Government notes that although most courts have dismissed Petitioner's numerous filings, the United States District Court for the Eastern District of New York entered a temporary stay of Petitioner's removal pending that court's disposition of Petitioner's habeas petition.  (Govt. Ex. F.)  On the basis of this stay, the Government maintains that the removal period during which Petitioner may be removed to Jamaica has been tolled.  Finally, the Government contends that Petitioner has not demonstrated that he is unlikely to be removed from the United States once the stay imposed by the United States District Court for the Eastern District of New York is lifted.

Petitioner subsequently filed a lengthy traverse, which focused substantially on Petitioner's prior criminal convictions that formed the predicate for his removal, and argument that his pending removal violates CAT, together with some general argument regarding the sufficiency of the custody reviews he has been afforded to date.  However, Petitioner presented little argument to demonstrate persuasively that his continued detention pending his removal represents a constitutional violation, nor any legitimate argument that his removal was unlikely to be effected promptly once the stay imposed by the Eastern District of New York had been lifted.

**III.    Discussion**

Detention, release, and removal of aliens ordered removed from the United States is governed by the provisions of 8 U.S.C. § 1231.  Pursuant to 8 U.S.C. § 1231(a), the Attorney General has 90 days to remove an alien subject to a final order of removal, during which time

---

included documentation showing that Petitioner had also been afforded earlier custody reviews. (Id.)

4

detention is mandatory.  Section 1231(a)(1)(B) provides:

> The removal period begins to run on the latest of the following:
>
> (i)    The date the order of removal becomes administratively final.
> (ii)   If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
> (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.  At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision.

8 U.S.C. § 1231(a)(1)(B).

The Government maintains that in the instant case the removal period has been tolled as a result of the stay entered by the Eastern District of New York.  Petitioner appears to dispute the Government's argument, but offers little analysis for his position.  In a case addressing a similar situation, Chief Judge Vanaskie of this Court disagreed that the above statutory provision tolls the removal period, and instead found that "the legislation provides that, when a stay of removal has been ordered, the ninety (90) day removal period begins to run only when the court entering the stay issues a 'final order.'"  Haynes v. Dep't of Homeland Sec., No. 05-339, 2005 U.S. Dist. LEXIS 13662, *9 (M.D. Pa. July 8, 2005) (citing 8 U.S.C. § 1231(a)(1)(B)(i)).  In addition, the pertinent INS regulations provide that the removal period "shall begin on the latest of the following dates: . . . (B) If the . . . court has ordered a stay of the alien's removal, the date on which, consistent with the court's order, the removal order can be executed . . . ."  8 C.F.R. § 241.4 (g)(1)(i)(B).

In light of the foregoing, and because the record indicates that the sole barrier to Petitioner's removal from the United States is the existence of a temporary restraining order entered by the Eastern District of New York in November 2004, the Court has independently

inquired as to whether the Eastern District of New York entered a further Order modifying or terminating its previously entered stay of removal.  A review of the docket in that case reveals that Petitioner's petition was transferred to the United States Court of Appeals for the Second Circuit on August 31, 2005.  (E.D.N.Y. No. 04-4702.)  The Second Circuit subsequently dismissed the petition by Order dated December 20, 2005 and the case is marked closed.  (Id., Doc. No. 37.)  Accordingly, it appears that the temporary stay entered by the Eastern District of New York has dissolved as a result of the termination of Petitioner's habeas petition before the Second Circuit.  Upon consideration of the record submitted by the parties, and the fact that Petitioner's challenges to his removal that were pending before the Eastern District of New York and the United States Court of Appeals for the Second Circuit have terminated as of December 20, 2005, the Court finds that the statutory removal period commenced running as of that date. Accordingly, the 90-day removal period will not expire until March 20, 2006.

Because the removal period will not expire until March 20, 2006, Petitioner's challenge to his continued confinement pending removal is premature.  The record submitted by the Government indicates that Petitioner's removal will be effected promptly, and that the Jamaican embassy is prepared to issue the necessary travel documents upon a showing that the temporary stay entered by the Eastern District of New York has been terminated.  It is anticipated that the Government will proceed promptly to effect Petitioner's removal now that all barriers to his removal have been removed.  It is further anticipated that if the Government has been unable to effect Petitioner's removal by March 20, 2006, Petitioner will be provided with another

meaningful custody review in accordance with the procedures set forth in 8 C.F.R. § 241.4(i).[3]

Until such time, however, the Court finds that Petitioner's claim that his continued detention

violates his due process rights under the Fifth Amendment to the United States Constitution is

premature.[4]  Accordingly, the petition will be denied without prejudice.

## IV.    Order

And now, this 3rd  day of March 2006, for the reasons set forth above, **IT IS HEREBY**

**ORDERED THAT** the petition for a writ of habeas corpus (Doc. No. 1) is **DENIED** without

prejudice to Petitioner's right to file another petition under 28 U.S.C. § 2241 challenging his

continued detention in the event (1) the Government has not effected his removal by March 20,

2006 or (2) if, following his anticipated custody review after expiration of the 90-day removal

period, ICE determines that his detention should be continued.  Prior to such time, however, any

further petition from Petitioner alleging that his continued detention is unconstitutional will not

be taken in good faith.  The Clerk of Court is directed to close the case.


    S/ Yvette Kane
Yvette Kane
United States District Court

---

[3]This regulation governs post-removal order release determinations by the Executive Associate Commissioner for Field Operations for any alien who is not removed within three months after an initial records review made by the Headquarters Post Order Detention Unit and contains the appropriate review procedures for a decision to continue detention.  See 8 C.F.R. § 241.4(d) and (e).

[4]The Court also underscores that Petitioner was provided a custody review on October 7, 2005, following which ICE determined that he should remain in custody because he represented both a danger to the community and a flight risk.